David Boon NORRIS *v.* MILLER COUNTY
CHANCERY COURT.

76-87                                             543 S.W. 2d 946

Opinion delivered December 13, 1976
(Division II)

*Thomas G. Montgomery,* for petitioner.

*Damon Young,* for respondent.

ELSIJANE T. ROY, Justice. A decree of divorce involving Sandra Jean Norris and the petitioner herein, David Boon Norris, was entered May 31, 1974, in the Chancery Court of Miller County.

On March 16, 1976, the respondent herein entered its order finding petitioner, David Boon Norris, in contempt of said court. Petitioner was never served with a copy of this order or the previously filed petition to show cause why he should not be* held in contempt. Both were served upon the attorney who had represented petitioner in the earlier divorce action and whose services were terminated over a year prior to the contempt proceeding.

On April 1, 1976, this Court issued its writ of certiorari for the record in this cause so that the chancery court proceedings might be reviewed.

Ark. Stat. Ann. § 27-362(b) (Supp. 1975) provides as follows:

> In cases involving divorce, child custody, child support, or other cases wherein the court has continuing jurisdiction, the attorney of record shall be considered as such for the purpose of subsection (a) herein, only until such time of the entry of a final decree. In such cases wherein the court has continuing jurisdiction, *it shall be insufficient to show that the service was obtained upon the attorney of record after the date of entry of the final decree.* In such cases, service may be obtained by mailing a copy of the petition by certified mail, return receipt requested, to the address of the other party, or if no address be known, then to the last known address of the said party. (Italics supplied.)

Respondent has filed no brief in the cause, but a letter has been received by the Clerk of the Supreme Court from the attorney for Sandra Jean Norris stating that the issue herein is moot because by agreement of the parties and later proceedings petitioner "has been afforded all relief requested." Of course the letter is not a part of the record and cannot be considered by this Court.

Obviously the provisions of Ark. Stat. Ann. § 27-362(b) were not complied with, and the order of March 16, 1976, finding petitioner in contempt of court is invalid.

Temporary writ made permanent.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.